IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00887-REB-KMT

COLORADO ex rel. JOHN W. SUTHERS,
Attorney General for Colorado, and
LAURA E. UDIS, Administrator, Uniform
Consumer Credit Code,

       Plaintiffs,

v.

WESTERN SKY FINANCIAL, L.L.C., and
MARTIN A. WEBB,

       Defendants.
_____

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO HOLD CASE IN ABEYANCE PENDING MOTION TO REMAND**
_____

Defendants Western Sky Financial, L.L.C. and Martin A. Webb (collectively, "Western Sky") file this Response in Opposition to Plaintiffs' Motion to Hold Case in Abeyance Pending Motion to Remand (Docket No. 13, filed Apr. 28, 2011).

## **INTRODUCTION**

The State of Colorado (the "State") filed this case accusing Western Sky of ongoing violations of Colorado law and seeking, among other things, a preliminary injunction. The State's conduct in this case, however, has been utterly inconsistent with any belief that a preliminary injunction is appropriate or that any judicial intervention is needed.

Since filing the Complaint in January, the State's only activity in this case has been the filing of:

(1) a motion to extend to May 20, 2011, the time within which it must file a Motion to Remand (Docket No. 10, filed Apr. 14, 2011);

(2) a motion to extend to May 20, 2011, the time within which it must respond to Defendants' pending Motion to Dismiss (Docket No. 16, filed May 2, 2011); and

(3) a motion to stay and hold the entire case in abeyance pending a ruling upon a motion to remand that the State has not yet even filed (Docket No. 13, filed Apr. 28, 2011) ("Pls.' Mot. to Stay").

As a professional courtesy, Western Sky did not object to either of the State's two requests for extensions of time. However, Western Sky strenuously objects to the State's request that all proceedings in this case be held in abeyance.

The pendency of this lawsuit chills Western Sky's ability to conduct a lawful business that the State of Colorado has no jurisdiction to regulate. *See generally* Mot. to Dismiss (Docket No. 9, filed Apr. 12, 2011). After placing Western Sky in this position, the State has sought to prolong this predicament by requesting extensions, delays, and the stay of this case.

If the State was not prepared to pursue its lawsuit or had doubts as to its viability, it should not have filed the case. If the State remains unsure or unprepared to proceed, the proper action would be to voluntarily dismiss the case now.

To keep this case on its ordinary course, Western Sky respectfully requests that the Court deny the State's motion. As we will discuss below, each of the factors to be considered by the Court in determining whether to stay a case militates against the granting of the State's motion to hold the case in abeyance. The State has completely failed to meet the established requirements for a stay.

Any particular issues that the Court finds deserving of forbearance or delay can be addressed at the June 29, 2011 Scheduling Conference. Because the legal issues and topics of discovery will be identical regardless of whether the case proceeds in this Court or in Colorado State Court, a stay would cause needless delay in the resolution of this matter.

## BACKGROUND

The State's investigation of Western Sky began in response to a tip from an unidentified competitor. *See* Compl. (Docket No. 2, filed April 5, 2011) ¶¶ 21-22. According to the Complaint, the State's entire investigation consisted of "viewing" Western Sky's website and "obtaining" sample loan documents from the competitor. *See* Compl. ¶¶ 23-24.

Based on this "investigation," on January 27, 2011, the State filed, in the District Court for the City and County of Denver, a Complaint against Western Sky asserting eleven claims for relief and seeking preliminary and permanent injunctions and damages and penalties that, based on the allegations, could amount to millions of dollars.

After being served on March 7, 2011, Western Sky timely removed the case to this Court. *See* Notice of Removal (Docket No. 1, filed April 5, 2011). At that point, having accused Western Sky of violating a multitude of Colorado statutes with scant substantive factual allegations, the State began its attempts at deferring the progress of this case. Over the course of three weeks, the State sought extensions of time on two pending deadlines and ultimately, by the present motion, seeks to halt progress in this case altogether.

## **ARGUMENT**

### A. **The Legal Standard for a Motion to Stay.**

This Court's Practice Standards explicitly provide that motions to continue and motions for extensions of time "are strongly discouraged because of the adverse effects they have on case management." REB Civ. Practice Standard, II.F. and II.G. *A fortiori*, a motion which seeks to hold all further proceedings in a case in indefinite abeyance until an unfiled motion is filed, briefed, and ruled upon has dramatically more draconian effects upon case management. Beyond that, the prejudice to a defendant which seeks prompt resolution of claims being made against it is clear.

"[S]tays of the normal proceedings of a court matter should be the exception rather than the rule." *Bigelow v. Gynecare, Inc.*, No. 10-cv-01117-REB-KMT, 2010 WL 2861358, at *2 (D. Colo. July 19, 2010) (denying plaintiff's motion to stay pending a ruling on a dispositive motion). As a result, a stay of proceedings in anticipation of a Court's ruling on a dispositive motion generally is disfavored in this District. *See Bernal v. Burnett*, No. 10-cv-01917-PAB-KMT, 2010 WL 4792628, at *1

(D. Colo. Nov. 18, 2010) (citing *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007)).

In determining if a stay would be proper, the Court weighs several factors. *See Bernal*, 2010 WL 4792628, at *1. Magistrate Judge Coan's much-cited Order in *String Cheese Incident, LLC v. Stylus Show, Inc.* lays out a five-part test in which the Court considers (1) the interest of the Plaintiffs; (2) the burden on the Defendants; (3) the Court's convenience; (4) the interest of nonparties; and (5) the public interest in general. No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). We will discuss below how each of these factors weighs in favor of this case proceeding on its normal course rather than holding it in indefinite abeyance.

### B. Factor 1: A Stay Would Serve No Valid Interest of the Plaintiffs.

The State chose to initiate this case. On the day the State filed its complaint, which lodged serious allegations against Western Sky, the State should have been prepared to proceed.

It is surprising that the State claims to be prejudiced by having to prosecute a case that it decided to file. *See, e.g.*, Pls.' Mot. to Stay at 4 ¶ 10 (claiming that "the State *will* be prejudiced should the abeyance not be granted" (emphasis in original); *cf. Kremmling Sanitation Dist. v. Everest Nat'l Ins. Co.*, No. 09-cv-00635-PAB-BNB, 2009 WL 1324124, at *2 (D. Colo. May 12, 2009) ("Parties to litigation always are burdened, whether the case is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure.").

The State objects to this case proceeding in the normal course because the "governing rules of decision, both procedural and substantive, may vary depending upon whether the motion [to dismiss] is in a state or federal forum." Pls.' Mot. to Stay at 2 ¶ 6. That is simply not correct. The same law will govern both the threshold issue of the State's authority to regulate Western Sky and any substantive determinations under consumer protection statutes, whether the case is decided by this Court or by a Colorado State Court. *See generally Cash Advance and Preferred Cash Loans v. State*, 242 P.3d 1099 (Colo. 2010) (applying Federal law regarding tribal immunity). Further, if the allegations of unlicensed conduct were to be reached, this Court is well experienced in applying state substantive law, including Colorado's consumer protection statutes.

The State also resists spending any time on discovery. *See* Pls.' Mot. to Stay Case at 2 ¶ 5. Yet, the State makes absolutely no effort to explain how it would be prejudiced by participating in discovery or how discovery will be any different in federal, rather than state, court. The truth of the matter is that the same discovery would occur regardless of which court is deciding the case.

The only actual effect a stay will have on discovery is to delay it, thereby extending Western Sky's time in limbo regarding how it may operate its business. That delay does not advance any proper interest of the State. *See Bigelow*, No. 10-cv-01117-REB-KMT, 2010 WL 2861358, at *2 ("[N]o party will be prejudiced by proceeding with discovery now which will be necessary no matter where the case ultimately comes to rest.").

### C. Factor 2: A Stay Would Impose an Undue Burden on Defendants.

By seeking an indeterminate delay in the progress and, more importantly, the resolution of this case, and providing only thin factual allegations, the State seeks to put Western Sky in the unenviable position of being threatened with prosecution without fully understanding the factual bases of that prosecution. In the meantime, Western Sky is left with a Catch-22: operate its business as it believes federal law allows and risk further prosecution, or cease all operations that could potentially run afoul of the State's broadly claimed authority.

The State seeks to hold in indefinite abeyance Western Sky's Motion to Dismiss, which asks the Court to determine that the State has no legal authority to regulate Western Sky at all. This is a vital, threshold legal question that likely will be dispositive of the case. Staying the entire case because of fear by the State that this Court may rule against it would be extraordinarily prejudicial to Western Sky. Rather, this case should proceed in its normal course and the State should be required in response to the pending Motion to Dismiss to timely come forward with whatever alleged authority and alleged facts it relies upon in an effort to overcome the preemption of state law by federal law and the application of tribal immunity.

### D. Factor 3: A Stay Is Contrary to the Court's Convenience

Generally, it is the policy in this District not to stay a case pending a ruling on dispositive motions. *See Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). Furthermore, the State's present motion stands in conflict with the Court's Practice Standards, which generally regard motions tending to delay proceedings as "strongly discouraged because of the adverse effects they have on case

management." REB Civ. Practice Standard, II.F. and II.G; *see Myers v. Koopman*, No. 09-cv-02802-REB-MEH, 2010 WL 234877, at *2 (D. Colo. Jan. 19, 2010).

The present motion also is highly unusual in that the State is seeking to stay the entire case based on a contemplated motion to remand that the State has not yet even filed. Indeed, the State's own description of when the allegedly forthcoming motion to remand will be filed is conspicuously indefinite: "the State *intends* to file a motion to remand this case back to the Denver District Court. Pursuant to the Court's April 14, 2011, minute order (Doc. 12), the State *anticipates* doing so by May 20, 2011." Pls.' Mot. to Stay at 1 ¶ 2 (emphases added).

Assuming the motion to remand is filed, there will be, to say the least, strong grounds for its denial. Thus, a stay would serve no purpose and would unnecessarily delay the normal progress of the case. *Cf. Smith v. Time Ins. Co.*, No. 08-cv-00419-REB-BNB, 2008 WL 1766573, at * (D. Colo. Apr. 14, 2008) ("I have reviewed the motion to remand, and it is not obvious to me that it will be granted. Consequently, without presuming to forecast the district judge's ruling, there is at least the possibility that a delay pending a ruling on that motion would prove unnecessary.").

If the Court denies the stay, but were then to grant a motion to remand, the case would be returned to the State court in toto. The discovery and other preliminary efforts, including settlement discussions, would simply carry forward to the State proceeding. *See Kremmling Sanitation Dist.*, 2009 WL 1324124, at *2 ("Any disclosures or discovery conducted here may be used in the state court action if the motion to remand is granted, and there is no reason to delay actions which ultimately

must occur even if the case is remanded."); William W Schwarzer, A. Wallace Tashima & James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:3528 (Nat'l Ed. 2009).

On the other hand, if the Court were to stay the case and subsequently deny any motion to remand, this case would have sat stagnant for perhaps six months or more. *See Hall v. Town of Gilcrest*, No. 11-CV-00327-REB-BNB, 2011 WL 1518667, at *1 (D. Colo. Apr. 20, 2011) ("The average time from filing a dispositive motion to its determination in this district is more than six months.").

In that event, the case will have moved no closer to resolution and all the attendant ills of delay will have taken hold:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for. In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

*Standard Bank PLC v. Vero Ins. Ltd.*, No. 08-cv-02127-PAB-BNB, 2009 WL 82494, at *1-2 (D. Colo. Jan. 13, 2009) (quoting Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006)) (omission marks omitted).

Furthermore, the Court can address any inefficiency concerns with a scalpel rather than a sledgehammer. The purpose of the Scheduling Conference – which is set in this case for June 29, 2011 – is to enable the Court to fashion a schedule for discovery, motion practice, and trial preparation which is appropriate to the case.

For example, if the Court, in its discretion, believes that certain aspects of discovery, such as expert witness disclosures, should be deferred until pending motions are decided, those considerations can be incorporated into the Scheduling Order.

In denying an unopposed motion to stay pending a motion to remand and motion to dismiss, a case in this District noted that, even with "the agreement of the parties that they would prefer a stay, the more general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied." *See Kremmling Sanitation Dist.*, 2009 WL 1324124, at *2.

### E. Factor 4: The Interest of Nonparties Is Undermined by a Stay.

By filing this case, the State claims to be exercising its authority under Colorado's consumer protection laws, enacted, in part, to protect the citizens of Colorado. *See* Compl. ¶¶ 2-3; *see also* Colo. Rev. Stat. § 5-1-102(d) (2010). In the Complaint, the State alleges that Western Sky entered into over 200 loans with an unspecified number of unnamed Colorado consumers, who allegedly are being harmed by Western Sky's business practices. *See* Compl. ¶ 17. The State does not suggest how a potentially extended stay of this case would serve the interests of these nonparties to the case. Indeed, logic suggests that delay would have only deleterious effects on their interest in a speedy resolution of this case, whatever the outcome.

### F. Factor 5: The Public Interest in General Militates Against a Stay.

The public has an interest in the speedy resolution of matters in its courts. *Bigelow*, 2010 WL 2861358, at *2. Furthermore, unnecessary delay serves to undermine the public's perception of the efficacy and efficiency of its courts. *Standard Bank*, 2009 WL 82494, at *2. Undoubtedly, the public also has an interest in the

speedy, just, and correct application of its laws. Therefore, in order to serve the public interest in general, the State's request for a broad stay in the present case should be denied.

## **CONCLUSION**

The State has failed to demonstrate that a stay in the present case is necessary or prudent. The interests of the parties, nonparties, and the public, together with the general interests of controlling the Court's docket and the fair and speedy administration of justice require that Plaintiffs' Motion to Hold Case in Abeyance Pending Motion to Remand (Docket No. 13, filed Apr. 28, 2011) be denied.

DATED this 9th day of May, 2011.

        Respectfully submitted,

        BALLARD SPAHR LLP


        By    *s/ Roger P. Thomasch*
           Roger P. Thomasch
           Matthew R. Lasek
           1225 17th Street, Suite 2300
           Denver, Colorado 80202
           Telephone: (303) 292-2400

        **ATTORNEYS FOR DEFENDANTS,
        WESTERN SKY FINANCIAL, L.L.C.
        AND MARTIN A. WEBB**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May, 2011, a copy of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO HOLD CASE IN ABEYANCE PENDING MOTION TO REMAND** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the service list below:

>Paul Chessin
>Senior Assistant Attorney General
>1525 Sherman Street, 7th Floor
>Denver, CO  80203
>***Attorney for Plaintiff***

      *s/ Michelle Dawson*
      Michelle Dawson