IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00887–REB–KMT

STATE OF COLORADO ex rel. JOHN W. SUTHERS, Attorney General for the State of Colorado, and
LAURA E. UDIS, Administrator, Uniform Consumer Credit Code,

    Plaintiffs,

v.

WESTERN SKY FINANCIAL, L.L.C., and
MARTIN W. WEBB,

    Defendants.

## ORDER

This matter is before the court on "Plaintiffs' Motion to Hold Case in Abeyance Pending Motion to Remand" (Doc. No. 13 [Mot.], filed April 28, 2011). Defendants filed their Response on March 31, 2011. (Doc. No. 18 [Resp.].)

In their Motion, Plaintiffs request that their case be held in abeyance pending a ruling on a motion to remand they anticipate filing by May 20, 2011. (Mot., ¶ 2.) Defendants oppose the Motion.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's

interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

The premise upon which the plaintiffs seek a stay of discovery is not persuasive.  The court will not order a stay of any proceeding, especially considering the presumption against stays in this district, based solely upon speculation that a motion to remand will be filed and/or granted.  Moreover, a ruling on a motion to remand will not dispose of the case, but rather only will determine where the case is able to proceed.

The court notes that defendants have filed a Motion to Dismiss (Doc. No. 9).  However, with respect to judicial efficiency in this court, as stated above, it is the policy in this district not to stay discovery pending a ruling on dispositive motions.  This is particularly true in cases like this one, pending before Judge Blackburn, who instructs the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management."  *See, e.g.*, REB Civ. Practice Standards II. F. & G.  Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion be denied.

Finally, neither party has asserted any compelling nonparty or public interest triggered by the facts at issue.  Balancing all factors presented, the court finds that a stay of discovery is not appropriate.  Accordingly, it is

ORDERED that "Plaintiffs' Motion to Hold Case in Abeyance Pending Motion to Remand" (Doc. No. 13 ) is DENIED.

Dated this 10th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge