IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00887–REB–KMT

STATE OF COLORADO ex rel. JOHN W. SUTHERS, Attorney General for the State of Colorado, and
LAURA E. UDIS, Administrator, Uniform Consumer Credit Code,

    Plaintiffs,

v.

WESTERN SKY FINANCIAL, L.L.C., and
MARTIN W. WEBB,

    Defendants.

# ORDER

This matter is before the court on "Plaintiffs' Partially Unopposed Motion to Stay Discovery and Related Matters Pending Remand" (Doc. No. 24 [Mot.], filed June 10, 2011). Defendants filed their Response on June 17, 2011. (Doc. No. 28 [Resp.].)

In their Motion, Plaintiffs request that discovery and related matters in this case be stayed pending a ruling on their Motion to Remand filed May 20, 2011. Defendants agree that discovery should be stayed but request that the parties be required to exchange initial disclosures and that the Scheduling Conference proceed as set.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL

894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored.  *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of

the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

In weighing the factors for determination of the propriety of a stay, the court finds that a stay of discovery is appropriate here. The motion to stay discovery is unopposed. Plaintiffs have filed a motion to remand, arguing the defendants improperly removed the case. Additionally, in their Motion to Dismiss (Doc. No. 9), Defendants assert they are entitled to tribal immunity. Thus, a stay of discovery favors both parties. The court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result.

Defendants request that the parties be required to exchange initial disclosures. They argue that the plaintiffs' Complaint is devoid of any specific facts showing a basis to bring this action, and that they are entitled to know the factual basis of the plaintiffs' action. Whether the case proceeds in this Court or in the Colorado state court, the parties are required to exchange initial disclosures. *See* Fed. R. Civ. P. 26(a)(1) and Colo. R. Civ. P. 26(a)(1). The court sees no reason to delay this requirement.

Defendants also request that the Scheduling Conference set for June 29, 2011, proceed so the parties may have an opportunity to address the posture of this case in light of the defendants'

asserted immunity and defenses.  The court finds, in light of the stay of discovery, there is no need to hold a Scheduling Conference in which the court normally would set discovery and other case-related deadlines.

Therefore, it is

**ORDERED** that "Plaintiffs' Partially Unopposed Motion to Stay Discovery and Related Matters Pending Remand" (Doc. No. 24 ) is **GRANTED in part and DENIED in part**. Discovery in this case, except for exchange of Fed. R. Civ. P. 26(a)(1) initial disclosures, is **STAYED** until ruling on the Motion to Remand or further order of the court.  The parties shall shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) on or before **June 27, 2011**.  The Scheduling Conference set for June 29, 2011, is **VACATED**.  The parties shall file a status report in this case within ten days of ruling on the Motion to Remand if the matter is not remanded to the Denver District Court.

Dated this 20th day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge